### L. OLANYER *v.* T. B. BLANCHARD, JR.

Courts have no power to render a judgment payable in one kind of money only, when Congress has established different kinds of money, making them a legal tender for the payment of all moneyed obligations.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *A. L. Tissot,* for appellant. *J. Magne,* for appellee.

HYMAN, C. J. Plaintiff sued defendant to recover of him, as per contract, 1642.85 francs, or their equivalent in gold currency of the United States.

Defendant, in answer, admitted that he was indebted to the plaintiff for 1642.85 francs, and that these francs corresponded (in money of the United States) to $305 57; but pleaded that he had tendered to the plaintiff the said sum of $305 57, in Treasury notes.

The judgment, signed by the District Judge, did not declare what amount defendant should pay plaintiff, and from this judgment defendant has appealed.

There is no proof that a tender, for the full amount owing to plaintiff,

was made, as alleged by defendant, and the question in controversy between plaintiff and defendant is, whether defendant shall be condemned to pay plaintiff in gold currency of the United States.

In the case of *Sebastiana Galliano* v. *Leon Pierre & Co.*, 18 An. 16, this Court has decided that Courts have no power to render a judgment payable in one kind of money only, when Congress has established different kinds of money, making them a legal tender for the payment of all moneyed obligations.

It is decreed that the judgment of the District Court be avoided and reversed. It is further decreed, that plaintiff recover of defendant 1642.85 francs, or their admitted equivalent, to net three hundred and five dollars and fifty-seven cents, and the costs of suit in both Courts.